IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERNEST LEE HARMON

   *Petitioner*,

v.

UNITED STATES OF AMERICA

   *Respondent*.

Criminal Action No. ELH-13-0296

**MEMORANDUM OPINION**

      This Memorandum Opinion resolves two motions filed by the self-represented defendant, Ernest Lee Harmon, in connection with his drug conspiracy case, involving cocaine base. Under Fed. R. Crim. P. 11(c)(1)(C), Mr. Harmon was sentenced to a term of 198 months of imprisonment, dating from his arrest on June 12, 2013. ECF 15, ECF 17, ECF 176. On January 17, 2025, during the pendency of defendant's motions, then President Joseph R. Biden, Jr. commuted defendant's sentence, effective as of July 16, 2025. *See* ECF 349; *id.* at 24, 29.

      Defendant has moved for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF 320 ("Compassionate Release Motion"). He argues, *inter alia*, that if he were sentenced today for the same conduct, he "would likely receive a dramatically lower sentence than the one he is currently serving . . . ." *Id.* at 2. The Compassionate Release Motion is supported by exhibits. ECF 320-1. The government opposes the Compassionate Release Motion. ECF 328. Defendant has also moved for reduction of sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to

the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). ECF 329 ("821 Motion"). The government opposes the 821 Motion. ECF 344.[1]

No hearing is necessary to resolve the motions. For the reasons that follow, I shall deny the motions.

## I. Factual and Procedural Background

Harmon and five others were indicted on June 11, 2013 (ECF 1) and charged, *inter alia*, with conspiracy to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846. As noted, defendant was arrested on June 12, 2013, and he has been in custody since that date. ECF 15, ECF 17.

On February 28, 2014, Harmon entered a plea of guilty to the conspiracy offense (ECF 154), pursuant to a plea agreement. ECF 159 ("Plea Agreement"). Notably, the offense to which Harmon pleaded guilty carries a mandatory minimum term of imprisonment of ten years and a maximum term of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A); *see also* ECF 159, ¶ 3. Mr. Harmon's plea was entered under Fed. R. Crim. P. 11(c)(1)(C), by which the parties agreed to a sentence of imprisonment ranging from 180 months to 240 months of incarceration. *Id.* ¶¶ 5, 7.

In the Plea Agreement, the parties agreed that defendant conspired to distribute at least 280 grams of cocaine base and that the drug quantity constitutes a base offense level of 32 under the Guidelines. ECF 159, ¶ 6(B). But, they also agreed that defendant qualified as a career offender under U.S.S.G. § 4B1.1. *Id.* As a result, he had an offense level of 37, before deductions under U.S.S.G. § 3E1.1. *Id.* And, in exchange for the defendant's plea of guilty, the government agreed

---

[1] Defendant previously moved for post-conviction relief under 28 U.S.C. § 2255. *See* ECF 238; *see also* ECF 252, ECF 254. I denied that motion by Memorandum Opinion and Order of October 24, 2018. ECF 272, ECF 273.

2

not to file an enhancement notice based on defendant's prior felony drug convictions, pursuant to 21 U.S.C. § 851. ECF 159, ¶ 9 at 7.

According to the Presentence Report (ECF 165, "PSR"), defendant qualified as a career offender. *See* ECF 165, ¶ 57. This was predicated on two prior State felony drug convictions for possession with intent to distribute controlled dangerous substances (*id.* ¶¶ 39, 51) and a second degree murder conviction. *Id.* ¶ 46. As a result, defendant's base offense level was increased from 32 to 37, under U.S.S.G. § 4B1.1. *See* ECF 165, ¶¶ 28, 33.

Defendant had eleven criminal history points. *Id.* ¶ 55. This equated to a criminal history category of V. *Id.* ¶ 56. But, because Harmon qualified as a career offender, his criminal history category was elevated to VI, under U.S.S.G. § 4B1.1. *Id.* ¶ 57.

After three deductions under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant had a final offense level of 34. *Id.* ¶¶ 30, 31, 34, 35. Based on a final offense level of 34 and a criminal history category of VI, Harmon had an advisory sentencing Guidelines range of 262 to 327 months imprisonment. *Id.* ¶ 66.

Notably, it appears that if Harmon were sentenced today, he would not qualify as a career offender. This is because the underlying offense of drug conspiracy is not a qualifying one. *See United States v. Norman*, 935 F.3d 232, 238-39 (4th Cir. 2019). If Mr. Harmon were not a career offender, his final offense level would have been 29, with a criminal history category of V. *See* ECF 165, ¶¶ 32, 56.[2] In that circumstance, his advisory Guidelines range would have called for a sentence of 140 to 175 months of incarceration.

---

[2] The government asserts that if defendant were not a career offender, he would have had a final offense level of 27. ECF 328 at 4. It cites ECF 165, ¶ 56. But, that paragraph pertains to criminal history, not the offense level. It is not clear to me how the government reached the conclusion that defendant's offense level would be 27 if he is not a career offender. In any event,

Sentencing was held on April 14, 2014.  ECF 174.  Defendant was 37 years old at that time.  ECF 165 at 1.  In a pre-*Norman* ruling, the Court agreed with the career offender designation, based on two felony drug convictions for possession with intent to distribute and a second degree murder conviction.  ECF 165.  I imposed a sentence of 198 months of incarceration.  ECF 176.  That sentence was well below the top end of the C plea range, and well below the career offender advisory Guidelines range.  No appeal was taken to the Fourth Circuit.

No hearing is necessary to resolve the motions.  Local Rule 105.6.  For the reasons that follow, I shall deny the motions.

## II. Legal Standards

### A. Amendment 821

Section 3582(c)(2) of 18 U.S.C. permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 924(o)", if the amendment has been made retroactively applicable, and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; *see United States v. Barrett*, 133 F.4th 280 (4th Cir. 2025); *United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per curiam); *United States v. Riley*, ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)); *see also* U.S.S.G. § 1B1.10(a)(2)(B) (providing that a defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guidelines range").

---

if the defendant had an offense level of 27, with a criminal history category of V, then his Guidelines would call for a sentence ranging from 120 to 150 months.

The Fourth Circuit has said that district courts must employ a two-step approach in considering 3582(c)(2) motions. "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.' § 3582(c)(2). Second, the court may grant the authorized reduction 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016) (citing § 3582(c)(2)).[3] "The ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id.*

Amendment 821 to the Guidelines went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821. It "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024).

Part A of Amendment 821 pertains to criminal history and so called "status points." *Id.* It amended U.S.S.G. § 4A1.1 "by redesignating subsection (d) as subsection (e) and reducing the additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence." *Moore*, 2024 WL 2828103, at *1; *see also Barrett*, 133 F.4th at 282-83.

---

[3] One policy statement provides that courts may not reduce a sentence "to a term that is less than the minimum of the amended guideline range" unless the defendant's original sentence resulted from a downward departure based upon substantial assistance to government authorities. U.S.S.G. § 1B1.10(b)(2); *see United States v. Dunphy*, 551 F.3d 247, 252 (4th Cir. 2009) (concluding that § 1B1.10 is "a jurisdictional bar to reducing sentences below the range authorized by the Commission").

Prior to the amendment, under U.S.S.G. § 4A1.1(d), two points were added to a defendant's criminal history score if the defendant committed the underlying offense while under a criminal justice sentence. "Criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status. U.S.S.G. § 4A1.1(e). But, as now codified in § 4A1.1(e), Amendment 821 limits the assignment of such "status points."

In particular, Amendment 821 permits the assignment of only one status point, and then only if a defendant has seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). In other words, the amendment eliminates any status points for a defendant who "has six or fewer criminal history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points.").

"The Sentencing Commission gave retroactive effect to the amended Guideline . . . beginning on February 1, 2024." *Moore*, 2024 WL 2828103, at *1; *see Barrett*, 133 F.4th at 283. So, under the new provision, U.S.S.G. § 4A1.1(e), only one "status point" is assessed, and only for those with seven or more criminal history points.

Part B provides for a decrease of two offense levels if ten conditions are met. *See* U.S.S.G. § 4C1.1(a). They are, *id.*:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

6

**(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
**(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
**(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

### B. Compassionate Release

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

A statutory exception is codified at 18 U.S.C. § 3582, which was first enacted as part of the Sentencing Reform Act of 1984. *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). It is commonly termed the "'compassionate release exception.'" *Moody*, 115 F.4th at 310; *see United States v. Osman*, 2024 WL 3633573, at *3 (4th Cir. Aug. 2, 2024) (stating that a motion under § 3582(c)(1)(A) is "commonly referred to as a motion for compassionate release . . . ."). Specifically,

7

18 U.S.C. § 3582(c)(1)(A)(i) authorizes a court to modify a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction." *Hargrove*, 30 F.4th at 194.

As originally enacted, the compassionate release provision permitted a court to alter a sentence only upon motion made by the Director of the BOP. *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). This meant that a defendant seeking compassionate release had to rely on the BOP Director for relief. *See Bethea*, 54 F.4th at 831; *see*, *e.g.*, *Orlansky v. FCI Miami Warden*, 754 F. App'x 862, 866–67 (11th Cir. 2018); *Jarvis v. Stansberry*, No. 2:08CV230, 2008 WL 5337908, at *1 (E.D. Va. Dec. 18, 2008) (denying compassionate release motion because § 3582 "vests absolute discretion" in the BOP). However, the safety valve of § 3582 languished, because the BOP rarely filed such a motion on an inmate's behalf. As a result, compassionate release was an infrequent occurrence. *See Hr'g on Compassionate Release and the Conditions of Supervision Before the U.S. Sentencing Comm'n* 66 (2016) (statement of Michael E. Horowitz, Inspector General, Dep't of Justice) (observing that, on average, only 24 inmates were granted compassionate release per year between 1984 and 2013).

In 2018, with the passage of the First Step Act ("FSA"), *see* Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018) (codified as 18 U.S.C. § 3582(c)(1)(A)), Congress "broadened" the authority of courts to grant sentencing modifications pursuant to 18 U.S.C. § 3582. *Malone*, 57 F.4th at 173. In particular, the FSA authorized a court to grant compassionate release "upon motion of the Director of [BOP], *or upon motion of the defendant after the defendant has fully exhausted all administrative rights* to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. 18 U.S.C. § 3582(c)(1)(A) (emphasis added); *see also Ferguson*, 55 F.4th at 268; *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021); *McCoy*, 981 F.3d at 276.

In other words, a federal inmate is now able to file a motion for compassionate release directly with the court, as long as the inmate first exhausts administrative remedies. *See United States v. McCoy*, 981 F.3d 271, 275–76 (4th Cir. 2020).

However, under 18 U.S.C. § 3582(c)(1)(A), the court may modify the defendant's sentence only if two criteria are satisfied. *Brown*, 78 F.4th at 128; *Bethea*, 54 F.4th at 831. Specifically, "the district court must conduct a two-step analysis." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024); *see also Bond*, 56 F.4th at 383.

The first step actually consists of two parts. The court "must determine: 1) whether extraordinary and compelling reasons warrant . . . a [sentence] reduction; and 2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *see Moody*, 115 F.4th at 310; *Davis*, 99 F.4th at 653; *Bond*, 56 F.4th at 383; *Bethea*, 54 F.4th at 831; *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam), *cert. denied*, 142 S. Ct. 383 (2021).

If that first step is met, the court then proceeds to the second step. Under the second step, the court must determine whether release is appropriate in light of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent those factors are applicable." *Bethea*, 54 F.4th at 831; *see Moody*, 115 F.4th at 310; *Malone*, 57 F.4th at 174; *Hargrove*, 30 F.4th at 194; *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021), *superseded by regulation as stated in Davis*, 99 F.4th 647; *Kibble*, 992 F.3d at 330. "Importantly, a court assessing a compassionate release motion is entitled to consider the § 3553(a) factors '[o]nly after' conducting the first step's analysis." *Osman*, 2024 WL 3633573, at *4 (citations omitted) (alteration in *Osman*); *see Malone*, 57 F.4th at 173 (stating that the district court may consider the § 3553(a) sentencing factors only after determining that

9

extraordinary and compelling reasons warrant a sentence reduction and that a reduction is consistent with the Sentencing Commission's policy statements).

Generally, "the district court enjoys broad discretion in conducting a § 3582(c)(1)(A) analysis." *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021), *superseded by regulation as stated in Davis*, 99 F.4th 647. Notably, "it weighs against an abuse of discretion—and is viewed as 'significant'—when the same judge who sentenced the defendant rules on the compassionate release motion." *Bethea*, 54 F.4th at 834; *see United States v. Gutierrez*, 2023 WL 245001, at *5 (4th Cir. Jan. 18, 2023); *Hargrove*, 30 F.4th at 200; *High*, 997 F.3d at 189.

As the Fourth Circuit has recognized, "when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir. 2020) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)); *see Davis*, 99 F.4th at 653–54. The Policy Statement codified at U.S.S.G. § 1B1.13 is titled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" ("Policy Statement"). "[U]ntil recently," that Policy Statement did not apply to motions filed by prisoners. *Davis*, 99 F.4th at 654; *see McCoy*, 781 F.3d at 281. The Policy Statement began: "Upon motion *of the Director of the Bureau of Prisons* under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . ." U.S.S.G. § 1B1.13 (2021) (emphasis added). Interpreting this language, the Fourth Circuit said in *McCoy*, 981 F.3d at 281, that, "[b]y its plain terms . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)." Therefore, on the basis of that earlier text, the Court held: "When a defendant exercises his . . . right to move for compassionate release on his own behalf, . . . § 1B1.13 does not apply, and thus § 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts." *Id.* (citation omitted). As a result, district courts were

10

"empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (citation omitted).

Effective November 1, 2023, U.S.S.G. § 1B1.13 was amended. *See Davis*, 99 F.4th at 654 (citing 88 Fed. Reg. 28254 (May 3, 2023)). The Policy Statement now begins: "Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . ." U.S.S.G. § 1B1.13 (2023) (emphasis added). Therefore, the Policy Statement is applicable to defendant-filed motions under § 3582(c)(1)(A). *Davis*, 99 F.4th at 658 (directing district court on remand "to revisit [the petitioner's] arguments in light of the Sentencing Commission's new policy statement outlining when and how to consider changes in law as an extraordinary and compelling reason for a reduction"). As a result, when a defendant files a motion for compassionate release, a court must ensure that any sentence reduction "is consistent with" the Policy Statement's provisions. 18 U.S.C. § 3582(c)(1)(A).

The Policy Statement provides, in part, U.S.S.G. § 1B1.13(a):

(B) IN GENERAL.—Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1) (A) extraordinary and compelling reasons warrant the reduction; or
    (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

Section 1B1.13(b) of the Policy Statement is titled "EXTRAORDINARY AND COMPELLING REASONS." It identifies multiple circumstances that, individually or in combination, may provide

11

"extraordinary and compelling reasons" for a reduction in sentence. *See* § 1B1.13(b)(1)–(6). These include certain medical circumstances of the defendant, such as a terminal illness, "serious cognitive impairment," a medical condition that requires "specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death"; or the defendant is at imminent risk of being affected by "an ongoing outbreak of infectious disease" or "an ongoing public health emergency . . . .", § 1B1.13(b)(1)(A), (B), (C), (D); the defendant's age, along with other factors, § 1B1.13(b)(2); the defendant's family circumstances, § 1B1.13(b)(3)(A), (B), (C), (D); the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction of, a correctional officer, § 1B1.13(b)(4)(A), (B); for a defendant who received an "unusually long sentence" and has served at least 10 years of the sentence, a non-retroactive change in the law that "produce[s] a gross disparity" in relation to "the sentence likely to be imposed at the time the motion is filed . . . .", § 1B1.13(b)(6); and "any other circumstance or combination of circumstances . . . similar in gravity to" the circumstances "described in paragraphs (1) through (4)." § 1B1.13(b)(5).

Section 1B1.13(c) of the Policy Statement is titled "LIMITATION ON CHANGES IN LAW." It specifies that, "[e]xcept as provided in subsection (b)(6)," which concerns an "unusually long sentence," "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c). "However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under [the Policy Statement], a change in the law (including an amendment

12

to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." *Id.*; *see Davis*, 99 F.4th at 654.[4]

Section 1B1.13(d) of the Policy Statement concerns rehabilitation of the defendant. It limits the weight a court may assign to a defendant's rehabilitation while serving a sentence. That section provides that, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d). "However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.* And, § 1B1.13(e) provides that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction.

Even if a defendant prisoner establishes that extraordinary and compelling reasons warrant relief, a reduced sentence does not necessarily follow. The court must then consider the sentencing factors under 18 U.S.C. § 3553(a) to determine whether, in its discretion, a reduction of sentence is appropriate. *See Dillon*, 560 U.S. at 826–27; *Brown*, 78 F.4th at 128; *Mangarella*, 57 F.4th at 200, 203; *Malone*, 57 F.4th at 174; *Bethea*, 54 F.4th at 833; *Hargrove*, 30 F.4th at 195; *High*, 997 F.3d at 186; *Martin*, 916 F.3d at 397; *see Kibble*, 992 F.3d at 329–30 (noting that district court

---

[4] In *Concepcion v. United States*, 597 U.S. 481 (2022), the Supreme Court concluded that a district court's general obligation "to consider [all] nonfrivolous arguments presented by the parties," *id.* at 487, required it "to consider intervening changes of law or fact in exercising [its] discretion to reduce a sentence pursuant to the First Step Act." *Id.* at 500. However, the Court acknowledged that "Congress or the Constitution [may] limit[] the scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence . . . ." *Id.* at 486. "Thus," the Court noted, "Congress expressly cabined district courts' discretion [to reduce a sentence] by requiring courts to abide by the Sentencing Commission's policy statements." *Id.* at 495. It follows that, because the Policy Statement is now applicable to prisoner-filed motions for compassionate release, a court may consider intervening changes of law only in the manner that the Policy Statement prescribes.

13

must consider § 3553(a) factors when considering a motion to reduce sentence under § 3582(c)(1)(A) and district court enjoys broad discretion in conducting this analysis); *United States v. Trotman*, 829 F. App'x 607, 608 (4th Cir. 2020) (per curiam) (recognizing that, when considering a motion to reduce sentence under § 3582(c)(1)(A), the court must consider the sentencing factors under § 3553(a), to the extent applicable); *United States v. Chambliss*, 948 F.3d at 693–94 (district court must give due consideration to the § 3553(a) factors); *see also United States v. Jones*, 2022 WL 2303960, at *1 (4th Cir. June 27, 2022) (per curiam) (noting that "a court need not explicitly make findings on extraordinary and compelling reasons where consideration of the § 3553(a) factors counsels against release"); *United States v. Butts*, 2021 WL 3929349, at *2 (4th Cir. Sept. 2, 2021) (per curiam) (noting that, even if the district court finds extraordinary and compelling circumstances, it must consider the § 3553(a) factors to the extent applicable in exercising its discretion). Notably, the amendments to the Guidelines in November 2023 did not alter this requirement.

The § 3553(a) "factors include 'the nature and circumstances of the offense'; 'the history and characteristics of the defendant'; and the need for the sentence to 'provide just punishment,' 'afford adequate deterrence,' 'protect the public from further crimes of the defendant,' and 'provide the defendant with . . . training, medical care, or other correctional treatment.'" *Jenkins*, 22 F.4th at 170 (quoting 18 U.S.C. § 3553(a)). As the Fourth Circuit has observed, "'many case-specific facts fit under the broad umbrella of the Section 3553(a) factors.'" *Bond*, 56 F.4th at 384 (quoting *Jackson*, 952 at 500). The district courts "enjoy the discretion to give additional weight to any one factor so long as they do not confine their analysis to that factor." *Davis*, 99 F.4th at 656; *see United States v. Friend*, 2 F.4th 369, 381–82 (4th Cir. 2021). And, in weighing the § 3553(a) factors, the court may consider the terms of a plea bargain. *Bond*, 56 F.4th at 384–85.

14

In *Davis*, 99 F.4th at 659, the Fourth Circuit said: "District courts are not required to acknowledge and address each of the defendant's arguments on the record when conducting a § 3553(a) analysis." But, "'the record as a whole'" must demonstrate that the judge considered the parties' contentions and had "'a reasoned basis'" for the exercise of judicial discretion. *Malone*, 57 F.4th at 176 (citations omitted); *see also Davis*, 99 F.4th at 659; *United States v. Puzey*, 2023 WL 2985127, at *2 (4th Cir. Apr. 18, 2023) (per curiam).

In particular, "the court must provide an explanation sufficient 'to allow for meaningful appellate review' in light of the particular circumstances of the case." *United States v. Cohen*, 2022 WL 2314300, at *1 (4th Cir. June 28, 2022) (per curiam) (quoting *High*, 997 F.3d at 190). And, a district court abuses its discretion when it "act[s] arbitrarily or irrationally," "fail[s] to consider judicially recognized factors constraining its exercise of discretion," "relie[s] on erroneous factual or legal premises," or "commit[s] an error of law." *High*, 997 F.3d at 187 (internal quotation marks omitted); *see Jenkins*, 22 F.4th at 167; *see also Brown*, 78 F.4th at 132 (criticizing district judge's "cursory" consideration of the § 3553(a) factors); *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018).

"How much explanation is 'enough' depends on the complexity of a given case." *Gutierrez*, 2023 WL 245001, at *3; *see United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021). For example, "when a defendant 'present[s] a significant amount of post-sentencing mitigation evidence, . . . a more robust and detailed explanation [is] required.'" *United States v. Cohen*, 2022 WL 2314300, at *1 (4th Cir. June 28, 2022) (per curiam) (quoting *High*, 997 F.3d at 190) (alterations in *Cohen*).

In any event, "the court must provide an explanation sufficient 'to allow for meaningful appellate review' in light of the particular circumstances of the case." *Cohen*, 2022 WL 2314300,

15

at *1 (quoting *High*, 997 F.3d at 190). And, a more detailed explanation may be required if a substantial change in the law creates a disparity between the sentence a defendant actually received and the sentence he would receive, if sentenced under current law. *See Davis*, 99 F.4th at 661; *see* 18 U.S.C. § 3553(a)(6) (directing a court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."); *see Moody*, 115 F.4th at 310 (recognizing that a defendant may not "challenge the validity of a sentence in a compassionate release" motion but explaining that a court may consider whether a defendant's sentence would be shorter "because of changes in law."). In explaining its compassionate release ruling, "a district court is permitted to add to its original, sentencing-phase consideration of the § 3553(a) factors . . . ." *Bethea*, 54 F.4th at 834; *see Kibble*, 992 F.3d at 332.

*Davis*, 99 F.4th 647, is informative. The Court recognized that a change in the Guidelines or the law can produce a sentencing disparity under § 3553(a)(6). *Id.* at 654–55. And, the Court observed that changes in the law since the defendant's sentencing "would [have] lower[ed] [the defendant's] guidelines range from a 188–235 months range to [a] 92–115 months range." *Id.* at 661.

According to the *Davis* Court, if the defendant were sentenced under current Guidelines, "it is very likely that [the defendant] would already be out of prison." *Id.* The Court stated, *id.*: "That reality alone implicates one of the applicable sentencing factors: 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Id.* (quoting 18 U.S.C. § 3553(a)(6)). It concluded that the district court was obligated to provide a "detailed explanation" of its § 3553(a) analysis, because "[t]his sentence disparity is so stark, and the change in law so substantial." *Davis*, 99 F.4th at 661 (citing *Chavez-Meza v. United States*, 585 U.S. 109, 119 (2018)).

16

### III.  Discussion

### A.

The government asserts (ECF 344 at 5), that Amendment 821 does not have the effect of lowering defendant's Guidelines range, because his range was the result of his status as a career offender, and did not turn on so called status points.  *See* ECF 165, ¶ 57.  No status points were ever assessed here.  Therefore, a change in application of status points would not alter the Guidelines range for defendant.  *See*, *e.g.*, *United States v. Gilliam*, JKB-20-0269, 2024 WL 3965589 (D. Md. Aug. 28, 2024).

A review of the record supports the government's assertion.  No status points were ever assessed.  *See* ECF 165, ¶ 55.  Therefore, Amendment 821 is inapplicable.

### B.

Defendant's argument for compassionate release appears to be premised on his belief that if he were sentenced today, his sentence would not have been as harsh.  ECF 320 at 2.  Even assuming, *arguendo*, that defendant has demonstrated a ground for compassionate release on this basis, this does not end the Court's inquiry.  The Court must then consider the sentencing factors under 18 U.S.C. § 3553(a), "to the extent those factors are applicable."  *Bethea*, 54 F.4th at 831; *see Malone*, 57 F.4th at 174; *Hargrove*, 30 F.4th at 194; *High*, 997 F.3d at 186; *Kibble*, 992 F.3d at 330.  These factors include:  (1) the nature of the offense and the defendant's characteristics; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (3) the kinds of sentences available and the applicable Guidelines range; (4) any pertinent Commission policy statements; (5) the need to avoid unwarranted sentence disparities; and (6) the need to provide restitution to victims.

As the judge assigned to this case at its inception, I am very familiar with the facts. *See*, *e.g.*, *Bethea*, 54 F.4th at 834. Defendant's conduct was extremely serious. As noted, Harmon conspired to distribute at least 280 grams of cocaine base, which is a very dangerous drug. *See* ECF 159, ¶ 6. Congress has expressed its view that the offense is serious, in that it carries a congressionally mandated minimum term of imprisonment of ten years, with a maximum term of life imprisonment. At sentencing, the Court imposed a sentence towards the low end of the C plea range.

The second § 3553(a)(1) factor—defendant's personal history—is troubling, and weighs against immediate release or further reduction of sentence. According to the PSR, defendant was 37 years old at sentencing. By then, he had compiled a very serious criminal record. Yet, he generally received lenient sentences. Defendant's prior interaction with the criminal justice system did not deter him from engaging in the serious criminal conduct that culminated in his prosecution in this case.

Where appropriate, the district court "must account not only for the circumstances at the time of the original offense but also for significant post-sentencing developments." *United States v. Mangarella*, 57 F.4th 200, 203 (4th Cir. 2023); *see United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); *Kibble*, 992 F.3d at 334 n.3. Courts place significant weight on a defendant's post-sentencing conduct because it "provides the most up-to-date picture of [his] 'history and characteristics.'" *Pepper v. United States*, 562 U.S. 476, 492 (2011) (citing 18 U.S.C. § 3553(a)(1)). The court must "at least weigh the [defendant's] conduct in the years since the[] initial sentencing[]." *McDonald*, 986 F.3d at 412; *see Martin,* 916 F.3d at 397 (requiring an "individualized explanation" as to rehabilitative efforts). A defendant's behavior while in BOP

custody is an important indicator of whether he remains a danger to the community. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

Rehabilitation efforts should be considered in regard to a motion for compassionate release. *See United States v. Lancaster*, 997 F.3d 171, 175 (2021) ("And in considering the § 3553(a) factors, the court can take into account a defendant's conduct after his initial sentencing."); *McDonald*, 986 F.3d at 410–12 (noting that on a motion to reduce sentence under the First Step Act, the district court must consider defendant's post-sentencing conduct); *United States v. Randall*, 837 Fed. App'x 1008, 1009 (4th Cir. 2021) ("[A] district court must provide an individualized explanation for denying a sentence reduction motion under the First Step Act when the defendant presents evidence of his post-sentencing rehabilitation."); *United States v. Rudisill*, 834 Fed. App'x 827, 829 (4th Cir. 2021) (finding district judge abused his discretion in denying motion under the First Step Act without addressing defendant's post-sentencing conduct). However, rehabilitation alone does not warrant a defendant's immediate release. *See United States v. Davis*, No. 21-6960, 2022 WL 127900, at *1 (4th Cir. Jan. 13, 2022) ("[R]ehabilitation alone cannot constitute an extraordinary and compelling reason for release.").

Defendant has made efforts to rehabilitate himself. *See* ECF 320-1. This is commendable. But, as the government points out, defendant also has several fairly recent disciplinary infractions, including for weapons possession, assault, and suboxone. *See* ECF 328-2. These are disturbing and weigh against a reduction in sentence.

Nonetheless, President Biden commuted defendant's sentence, effective July 16, 2025. ECF 349. In my view, no further reduction is appropriate or warranted.

### III. Conclusion

For the reasons set forth above, defendant's Compassionate Release Motion (ECF 320) and § 821 Motion (ECF 329) are denied.

An Order follows.

Date:   May 2, 2025                            /s/_____
                                               Ellen L. Hollander
                                               United States District Judge